# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 640 OCTAVIA, LLC, | Case No. 3:18-cv-01047-WHA |
| Plaintiff, | Hon. Judge Alsup |
| v. | **JOINT PROPOSED PRE-TRIAL ORDER** |
| KARL-HEINZ PIEPER and DOES 1-45, inclusive, | Date: March 20, 2019<br>Courtroom: 12 |
| Defendants. | Time: 2:00 p.m. |

**2(a)(i)- BRIEF DESCRIPTION OF THE SUBSTANCE AND CLAIMS AND DEFENSES**

This matter involves a residential building owned by Plaintiff, in which Defendant rents a unit. Plaintiff asserts three causes of action for (1) unlawful detainer, (2) breach of contract and (3) private nuisance arising out of Pieper's tenancy in Plaintiff's residential apartment complex. All of Plaintiff's claims are predicated upon factual allegations about Defendant's and his alleged sub-tenant's and roommate's conduct, which Plaintiff alleges have caused damage and made it impossible and dangerous for others living in and around Plaintiff's building. Defendant denies the allegations and has asserted thirty affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) ratification; (4) failure to provide timely notice; (5) failure to mitigate; (6) unclean hands; (7) waiver, estoppel; (8) laches; (9) consent; (10) no condition precedent; (11) no breach; (12) performance excused; (13) avoidable consequences; (14) legitimate, good-faith reasons; (15) no known harm or damage; (16) no causation; (17) lack of subject-matter jurisdiction; (18) lack of personal jurisdiction; (19) improper venue; (20) standing; (21) speculative damages; (22) bad faith; (23) acts of third-parties; (24) retaliation; (25) discrimination; (26) harassment; (27) violation of eviction and rent control ordinances; (28) bad faith and ulterior reason; (29) violation of privacy; and (30) defective, unenforceable and invalid termination notices.[1]

Separately, Defendant has moved to dismiss this action for lack of subject-matter jurisdiction on the basis that Plaintiff cannot show that diversity jurisdiction exists. The Court has held Defendant's motion to dismiss in abeyance and has provided instructions that the issue of diversity jurisdiction will be resolved by the jury at trial.

//
//

---

[1] Plaintiff has filed a motion in limine (#4) asserting that numerous of these "defenses" are improper in that they are not affirmative matter defeating Plaintiff's asserted claims, but rather are just straight denials, or attempt to raise counterclaims that were not ever filed. Such "defenses" include: (1) failure to state a claim; (2) failure to provide timely notice; (3) consent; (4) no condition precedent; (5) no breach; (6) performance excused; (7) avoidable consequences; (8) legitimate, good-faith reasons; (9) no known harm or damage; (10) no causation; (11) lack of subject-matter jurisdiction; (12) lack of personal jurisdiction; (13) improper venue; (14) speculative damages; (15) bad faith; (16) acts of third-parties; (17) retaliation; (18) discrimination; (19) harassment; (20) violation of eviction and rent control ordinances; (21) bad faith and ulterior reason; (22) violation of privacy; and (23) defective, unenforceable and invalid termination notices.

### 2(a)(ii)- STATEMENT OF ALL RELIEF SOUGHT

Plaintiff seeks an order evicting Defendant and his roommate from the premises, special and general damages based on the inability to rent other units in the building as a result of Defendant's alleged conduct, punitive damages, and equitable damages, including restitution and disgorgement.

### 2(a)(iii)- STIPULATED FACTS

1. The subject building is located 640 Octavia Street, San Francisco, CA 94102.
2. The subject building is owned by 640 Octavia, LLC.
3. Defendant Pieper signed a residential lease agreement on or about September 9, 1993.

### 2(a)(iv)- FACTUAL ISSUES REMAINING TO BE TRIED

(organized by counts)

1. Count I (unlawful detainer):
   a. Whether Pieper was authorized to undertake a roommate;
   b. Whether Pieper and his roommate, Montoya, have provided to third-parties keys to the building;
   c. Whether Pieper and his roommate, Montoya, have threatened other tenants in the building;
   d. Whether Pieper's roommate, Montoya, engaged in illegal activities;
   e. Whether Pieper and his roommate, Montoya, have breached other clauses of the lease;
   f. Whether Plaintiff served proper 3-day notices to quit;
   g. Whether the alleged conduct ceased following the 3-day notices to quit;
   h. Whether Plaintiff violated any local housing laws or ordinances;
   i. Whether the Plaintiff's attempt to evict the Defendant is made without ulterior motives and in good faith.
2. Count II (breach of contract):
   a. Whether Pieper was authorized to undertake a roommate;
   b. Whether Pieper and his roommate, Montoya, have provided to third-parties keys to the building;

  c. Whether Pieper and his roommate, Montoya, have threatened other tenants in the building;

  d. Whether Pieper's roommate, Montoya, engaged in illegal activities;

  e. Whether Pieper and his roommate, Montoya, have breached other clauses of the lease;

  f. Whether Plaintiff was unable to rent other units in the building based upon the alleged conduct;

  g. Whether Plaintiff violated any local housing laws or ordinances;

  h. Whether Plaintiff is entitled to damages and the amount of those damages.

  i. Whether Plaintiff has mitigated his damages.

  j. Whether damages should be cut because Plaintiff is taking the building off the rental market.

3. <u>Count III (private nuisance)</u>

  a. Whether Pieper and his roommate, Montoya, have provided to third-parties keys to the building;

  b. Whether Pieper and his roommate, Montoya, have threatened other tenants in the building;

  c. Whether Pieper's roommate, Montoya, engaged in illegal activities and/or otherwise created a nuisance;

  d. Whether Plaintiff was unable to rent other units in the building based upon the alleged conduct;

  e. Whether Plaintiff violated any local housing laws or ordinances.

  f. Whether Plaintiff is entitled to damages and the amount of those damages.

  g. Whether Plaintiff has mitigated his damages.

  h. Whether damages should be cut because Plaintiff is taking the building off the rental market.

4. <u>Subject Matter Jurisdiction</u>

  a. Whether Plaintiff is a citizen of California;

  b. Whether Kountze and Odlaw, Inc. are the only two members of Plaintiff;

  c. Whether Kountze is a citizen of California;

3

      d.  Whether Odlaw, Inc. is a citizen of California.

## 2(a)(v)- JOINT EXHIBIT LIST

**[Attached As Appendix I]**
(*Italicized* exhibits have been objected to and/or are subject to motions in limine)

## 2(a)(vi)- WITNESS LIST

**[Attached as Appendix II]**
(other than individual plaintiff and defendant)
(*italicized* witnesses are subject to motions in limine)

## 2(b)- JOINT SET OF PROPOSED INSTRUCTIONS ON SUBSTANTIVE ISSUES OF LAW

After prior meet and confer discussions, on the afternoon of March 12, 2019, Plaintiff's counsel circulated ten jury instructions for its three counts and three proposed special verdict forms. On the afternoon of March 13, 2019, Defendant's counsel sent revised drafts of Plaintiff's instructions, along with providing additional proposed instructions relating to Defendant's affirmative defenses and an additional special verdict form. In conformance with the Court's standing order, the parties are continuing to work to meet and confer with each other regarding the proposed instructions and verdict forms. The parties will make supplemental filings with respect to those filings prior to the final pre-trial conference.

## 2(c)- SEPARATE MEMORANDUM OF LAW IN SUPPORT OF EACH PARTY'S DISPUTED INSTRUCTIONS

See above.

## 2(d)- JOINT SPECIAL VERDICT FORM WITH QUESTIONS

See above.

## 2(e)- JOINT SET OF PROPOSED VOIR DIRE QUESTIONS

[to be filed separately]

## 2(f) - MOTIONS IN LIMINE

[Filed Separately]

## 2(g)- COPIES OF RULE 26(a)(3) DISCLOSURES

[Attached]

## 2(h) – OPTIONAL TRIAL BRIEFS

Plaintiff does not believe a trial brief is necessary.  Defendant notified Plaintiff on March 12, 2019 it intended to file one (to be filed separately but on the same date as this order), and thus Plaintiff is currently working on a corresponding brief which it will file in advance of the final pre-trial conference.

Respectfully submitted:

640 Octavia, LLC, Plaintiff				Karl-Heinz Pieper, Defendant

By:	/s/ Gregory S. Walston			By:	/s/ David Garibaldi
	Counsel for Plaintiff				Counsel for Defendant

APPENDIX I

| Number | Description and Bates | Offered | Received | Limitations |
|---|---|---|---|---|
| 1 | Pieper Lease & Amendments | | | |
| 2 | Notice to Quit (12/1/17) | | | |
| 3 | Notice to Quit (12/15/17) | | | |
| 4 | Notice to Quit (1/29/18) | | | |
| 5 | Notices to Quit (2/23/18) | | | |
| 6 | Letter from Walston | | | |
| 7 | Letter from Kountze | | | |
| 8 | *Letter Reply From Pieper* | | | |
| 9 | Klein Response 1 | | | |
| 10 | *Klein Response 2* | | | |
| 11 | *Prior Roommate Approval Letters* | | | |
| 12 | Email re: Approving Montoya as Roommate | | | |
| 13 | Roommate Agreement | | | |
| 14 | *Pieper Texts to Kountze re: Paying Rent* | | | |
| 15 | *Texts Between Herzberg and Kountze* | | | |
| 16 | *Pieper Text re: offer to Find Tenants* | | | |
| 17 | Police Report of 2016 Burglary | | | |
| 18 | Police Report re: "illegal tenant" | | | |
| 19 | Pieper Log of Guests | | | |
| 20 | Texts re: front gate | | | |
| 21 | Police Report re: Front Gate | | | |
| 22 | Kountze email to Martinson re: Authority | | | |
| 23 | Hutto email re: Report to ICE | | | |
| 24 | Pieper Amazon Wishlist Email | | | |
| 25 | Texts between Hutto and Kountze | | | |
| 26 | Pieper Background Check | | | |

| | | | | |
|---|---|---|---|---|
| 27 | Montoya Craigslist Messages (set 1) | | | |
| 28 | Montoya Craigslist Messages (set 2) | | | |
| 29 | Montoya Craigslist Messages (set 3) | | | |
| 30 | Montoya's Hornet Profile | | | |
| 31 | Montoya's OKCupid Profile | | | |
| 32 | Montoya's Grindr Profile | | | |
| 33 | Montoya's Scruff Profile | | | |
| 34 | Montoya's Adam4Adam Profile | | | |
| 35 | *Sam Brown 2/20/17 Investigative Report* | | | |
| 36 | *Sam Brown 2/26/17 Investigative Report* | | | |
| 37 | *Sam Brown 3/3/17 Investigative Report* | | | |
| 38 | *Sam Brown 3/11/17 Investigative Report* | | | |
| 39 | *Sam Brown 3/12/17 Investigative Report* | | | |
| 40 | *Sam Brown 4/9/17 Investigative Report* | | | |
| 41 | *Sam Brown Notes (6/1/17-3/24/18)* | | | |
| 42 | *Sam Brown Mayra Mira Investigative Report* | | | |
| 43 | *Sam Brown Mayra Mira Investigative Report (2)* | | | |
| 44 | Surveillance Footage (disc) | | | |
| 45 | Surveillance Photographs 9/30/17 | | | |
| 46 | Video Surveillance 9/30/17 | | | |
| 47 | Surveillance Photographs 7/28/17 | | | |
| 48 | Video Surveillance 7/28/17 | | | |
| 49 | Photo Individual Attempted Break In | | | |
| 50 | Video Individual Attempted Break In | | | |
| 51 | Photos Individuals Leaving Defendant Apt. | | | |
| 52 | Video Individuals Leaving Defendant Apt. | | | |
| 53 | Photos Individuals Threatened Kountze | | | |
| 54 | Video Individuals Threatened Kountze | | | |
| 55 | *Ron Martinelli Expert Report* | | | |

| | | | | | |
|---|---|---|---|---|---|
| 56 | Property Disclosure re: Roommates 1 | | | | |
| 57 | Property Disclosure re: Roommates 2 | | | | |
| 58 | Hutto App for Restraining Order | | | | |
| 59 | Pieper Answer re: Hutto Restraining Order | | | | |
| 60 | Hutto Request for Dismissal re: Restraining Order | | | | |
| 61 | Curriculum Vitae of Frank Jay Faustini, Jr. | | | | |
| 62 | Expert Report of Frank Jay Faustini, Jr. | | | | |
| 63 | *Kalle Heinze-Pieper Declarations* | | | | |
| 64 | *Jose Montoya Declarations* | | | | |
| 65 | *Kountze Deposition Transcript/Exs* | | | | |
| 66 | *Bolden Deposition Transcript/Exs* | | | | |
| 67 | *Martinson Deposition Transcript/Exs* | | | | |
| 68 | *Brown Deposition Transcript/Exs* | | | | |
| 69 | *Pieper Deposition Transcript/Exs* | | | | |
| 70 | *Montoya Deposition Transcript/Exs* | | | | |
| 71 | *Defendant Answer to Complaint* | | | | |
| 72 | Police Report re: Child Abuse Cybertip by Kountze | | | | |
| 73 | Montoya's Emails with Apartment Guests | | | | |
| 74 | Montoyta's Text Messages with Apartment Guests | | | | |
| 75 | *Public Records Montoya Immigration Detainer* | | | | |
| 76 | *Kountze Postal Service Tampering Complaint* | | | | |
| 77 | *Premium People Search* | | | | |
| 78 | 640 Octavia, LLC title deed | | | | |
| 79 | 640 Octavia, LLC grant deed | | | | |
| 80 | 640 Octavia, LLC Wyoming Registration | | | | |
| 81 | 640 Octavia, LLC Operating Agreement | | | | |
| 82 | 640 Octavia, LLC IRS Tax ID | | | | |
| 83 | 640 Octavia, LLC Articles of Organization | | | | |

| | | | | |
|---|---|---|---|---|
| 84 | Kountze Driver's License | | | |
| 85 | Kountze Voter Registration | | | |
| 86 | *Notice to Quit Based on Forthcoming Notice of Intent to Withdraw Unit from Rental Market Issued by Kountze to Pieper* | | | |
| 87 | *Notice to Quit Based on Forthcoming Notice of Intent to Withdraw Unit from Rental Market Issued by Kountze to Montoya* | | | |
| 88 | *Notice of Intent to Withdraw Residential Units from Rental Market under Rent Ordinance 37.9A* | | | |
| 89 | *Hemmenway LLC Documents* | | | |
| 90 | *Hemmenway Corporate Documents* | | | |
| 91 | Pieper Log of Guests (Updated to 1/3/2019) | | | |
| 92 | *Video Footage from Pieper Security Camera Depicting Edward Kountze* | | | |
| 93 | *Pictures from Video Footage from Pieper Security Camera Depicting Edward Kountze* | | | |
| 94 | *Correspondence between Pieper and Kountze re Hallway Lights* | | | |
| 95 | *Pictures of dark Hallway at 640 Octavia* | | | |
| 96 | *Video Footage of Martinson Removing Pieper's Security Camera* | | | |
| 97 | *Pictures of Security Cameras Maintained throughout 640 Octavia* | | | |

10

Case No. 3:18-cv-01047-WHA
Joint Pre-Trial Order

APPENDICE II

| Plaintiff Witness | Substance of Testimony | Non-Cumulative Testimony |
|---|---|---|
| Ed Kountze | Testimony relating to diversity jurisdiction, purchase of building, conduct by Defendant and Montoya, inability to rent units | Threats against him personally |
| Jean Bolden | Testimony regarding numerous instances of disruptive behavior | Distinct instances |
| *Randi Hite* | Testimony regarding numerous instances of disruptive behavior | Distinct instances |
| Sam Brown | Investigative work as to conduct | |
| Justin Hutto | Testimony regarding numerous instances of disruptive behavior | Distinct instances, threats |
| Marya Mira | Employee of Brown; testimony regarding numerous instances of disruptive behavior | Distinct instances, threats |
| *Neil Martinson (via deposition)* | Testimony regarding numerous instances of disruptive behavior | Distinct instances, |
| Daniel Ameral | Pieper personal threats to him | |
| *Katherine Hemmeway* | 640 Octavia LLC ownership | |
| David Alexander | Former building manager, no authority for subtenancy | |
| Kalle Heinz-Pieper | Montoya's activities | |
| Jose Montoya | His sexual activities and random men entering building at all hours of day | |
| *Ron Martinelli* | Expert testimony regarding Montoya | |
| Frank Faustini, Jr. | Expert testimony regarding rental value of units | |

| Defendant Witness | Substance of Testimony | Non-Cumulative Testimony |
|---|---|---|
| Kalle Heinz-Pieper | Activity within apartment, tenancy | Distinct observations, interactions with Kountze |
| Jose Montoya | Activity within apartment, subtenancy | Distinct instances of visits, behavior by guests |
| Matthew Ball | Observations of Defendant, Montoya, and condition of premises | Distinct observations |
| Hannah Felts | Observations of Defendant, Montoya and condition of premises | Distinct observations |
| Frank Faustini, Jr. | Testimony regarding rent controlled units and value of building | |
| Sam Brown | Investigative Work as to Conduct | |