IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

640 OCTAVIA, LLC,

    Plaintiff,

v.

KARL-HEINZ PIEPER,

    Defendant.

No. C 18-01047 WHA

**ORDER RE MOTION TO EXCLUDE EXPERT TESTIMONY**

**INTRODUCTION**

In this landlord-tenant dispute, defendant moves to exclude the testimony of plaintiff's expert witness. For the reasons stated below, plaintiff's expert is excluded.

**STATEMENT**

The background of this action is set forth in a prior order (Dkt. No. 70). In brief, defendant Karl-Heinz Pieper has lived in Apartment 3 of 640 Octavia Street, a building owned by plaintiff 640 Octavia, LLC, since 1993. In 2014, defendant's roommate, JM, moved into the apartment. JM now readily admits that throughout 2017 he regularly had approximately twenty theretofore strangers met online over to his apartment for sex on a weekly basis, yet the reason for the frequent visitors remained a mystery to the landlord. While the parties generally agree that a large number of guests visited defendant's unit throughout 2017, they sharply dispute the extent to which JM and his visitors engaged in unlawful or threatening conduct in the building (*ibid.*).

Plaintiff initiated this action in February 2018 seeking injunctive relief and damages. A May 2018 case management order set a schedule for this case, including deadlines for expert discovery and a March 25 trial date. Defendant now moves to exclude the testimony of plaintiff's expert witness, Ron Martinelli (Dkt. Nos. 1, 39, 87). This order follows full briefing and oral argument.

## ANALYSIS

### 1. CASE MANAGEMENT ORDER.

The case management order herein required the parties, by November 23, 2018, to "serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts)." The order explained that this was "so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports" and warned that "[f]ailure to so disclose may result in preclusion." The same order required the parties to disclose "full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof" by December 21, 2018 (Dkt. No. 39). Plaintiff missed both deadlines, wholly failing to provide a list of topics upon which it would produce an expert and failing to produce an expert report until January 4. Defendant argues that plaintiff's expert report was therefore untimely and should be excluded. This order agrees.

Trial is set to begin on March 25. Plaintiff does not dispute that he failed to meet the case management order's November 23 and December 21 deadlines. Rather, he argues that the untimeliness of his disclosures should be excused either because (1) defendant's counsel also failed to meet the November 23 deadline, (2) plaintiff's counsel discussed an extension of the December 21 deadline to disclose expert reports with defense counsel and defense counsel did not object, or (3) defendant failed to raise the issue until after the close of expert discovery, thereby belying any claim of prejudice. None of these arguments has merit.

*First*, the record does not support plaintiff's claim that defendant also failed to meet the November 23 deadline to disclose a list of issues on which he would offer expert testimony. Defense counsel has submitted a declaration and proof of service demonstrating that he mailed defendant's disclosure on November 21 (Dkt. No. 87-1 ¶ 16, Exh. 7; Dkt. No. 91-1 ¶ 2, Exh. 1).

2

That plaintiff's counsel never received defendant's disclosure fails to demonstrate that it was never sent.

*Second*, the case management order made clear that "[c]ounsel may not stipulate around the foregoing dates without Court approval" (Dkt. No. 39 at 4). Accordingly, even if the parties had agreed upon an extension of the deadlines for expert disclosures, that would not have excused plaintiff's failure to meet the dates set forth in the scheduling order. In any event, plaintiff's counsel admits that "no exact date was agreed upon for the disclosure date" and that he "mistakenly considered the issue resolved" (Dkt. No. 88 at 4).

*Third*, that defendant did not file the instant motion to exclude until January 28, after the close of expert discovery, is irrelevant to the untimeliness of plaintiff's disclosures. Although plaintiff's counsel complains that he would have "immediately filed a motion seeking leave" had he known that defendant intended to file the instant motion, he acknowledges that he knew in early January that he had blown the December 21 deadline (*id.* at 4–5). The prudent course would have been to seek relief from the scheduling order immediately upon learning that he had "mistakenly relayed the January 4, 2019 date to Dr. Martinelli as the deadline to finalize his report" (*id.* at 4).

In sum, plaintiff has failed to show good cause for his failure to timely make the expert disclosures required by the case management order herein. Exclusion of Martinelli's report is warranted on this basis alone. Nevertheless, this order concludes that Martinelli's report should also be excluded under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and FRE 702, as now discussed.

### 2. *DAUBERT* CHALLENGE.

It is the trial court's responsibility to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In making this determination, the judge must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid" and "whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592–93. Courts must focus on whether (1) the testimony is based upon sufficient facts or data,

(2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FRE 702. When an expert meets this threshold, "the expert may testify and the [fact-finder] decides how much weight to give that testimony." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

Ron Martinelli, plaintiff's hired expert, opines that JM engaged in prostitution. As an initial matter, this is not an instance in which "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." FRE 702(a). Martinelli's report, moreover, is fundamentally flawed in that he relies solely on his experience to explain the conclusions he drew from the discovery in this case without explaining why and how he came to his conclusions. While an expert may rely on his experience in making conclusions, and defendant does not challenge Martinelli's experience studying and investigating prostitution, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." FRE 702 Advisory Committee Note. "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Ibid.* (citation omitted). Because Martinelli's report provides insufficient rationale for his conclusions, plaintiff's expert engages in inadmissible *ipse dixit*. The report is therefore excluded under FRE 702.

## CONCLUSION

For the reasons stated above, plaintiff's expert witness is excluded. At trial, however, defendant may not argue that plaintiff has failed to present expert evidence that prostitution was underway.

**IT IS SO ORDERED.**

Dated: March 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE