GREGORY S. WALSTON, State Bar No. 196776
ROBIN A. SHEEHAN, State Bar No. 315933
THE WALSTON LAW GROUP
A Professional Corporation
Four Charlton Court
San Francisco, California 94123
Telephone: (415) 956-9200
Facsimile: (415) 956-9205
Email: gwalston@walstonlaw.com
       rsheehan@walstonlaw.com

Christopher E. Kentra
  ckentra@burkelaw.com, *pro hac vice*
Alexander D. Marks
  amarks@burkelaw.com, *pro hac vice*
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Telephone:  312.840.7000
Facsimile:   312.840.7900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 640 OCTAVIA, LLC<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KARL-HEINZ PIEPER and DOE 1-45, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:18-CV-01047-WHA<br><br>**PLAINTIFF'S TRIAL BRIEF**<br><br>Date:　　　March 25, 2019<br>Time:　　　7:30 a.m.<br>Courtroom: 12<br>Judge:　　　Hon. William Alsup |

*Plaintiff's Trial Brief*

## TABLE OF CONTENTS

I.    INTRODUCTION AND FACTUAL BACKGROUND

II.   LEGAL ARGUMENT

      A.  The Evidence At Trial Will Establish All Three Claims.

      B.  Defendant's Conduct Caused Plaintiff Actual Damages.

      C.  Defendant's Defenses Are Improper.

      D.  Diversity Jurisdiction Exists.

III.  CONCLUSION

*Plaintiff's Trial Brief*

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION AND FACTUAL BACKGROUND

This is a case about the unquestioned right to one's use and enjoyment of one's own property. Most fundamentally, the right to reside safely and securely, including within common areas. Plaintiff is owner of a residential apartment building. Defendant rents a unit from Plaintiff. Defendant's roommate engages in frequent sexual encounters with random strangers, which he solicits by, among other things, posing as a transvestite under the alias "Jessica Wild" on social media sites known to be regularly used by escort services, prostitutes, pimps, and sex traffickers. Plaintiff intends to present video and other documentary evidence of the parade of men (up to 12 per day and over 450 documented on video surveillance alone) who, at all hours of day and night, wander through and loiter in the building, including looking for unlocked doors, threatening individuals, congregating on the street immediately outside the building, and damaging locks and other items in the building. This conduct (whether lawful or unlawful) created a nuisance, but also breached the terms of Defendant's lease, who failed to refrain from (or failing to cause his roommate to refrain from) interfering with the use and enjoyment of the premises for other tenants and engaging in unlawful acts. Defendant (himself, or again by his roommate) further breached additional terms of that lease by passing out keys to the building or strangers, causing disruption after 10:00 pm, and sharing his unit with any other persons. Following notices to quit, the conduct temporarily abated, but then continued. Following additional notices and installation of security cameras, the random men accessed Defendant's unit through a back stairwell, outside the view of cameras. As a result of this conduct, Plaintiff has been unable to rent other units in the building because of safety concerns, for which it will be seeking damages. Plaintiff asserts claims for unlawful detainer, breach of contract, and nuisance, each of which the evidence will support at trial.

## ARGUMENT

**A.    THE EVIDENCE AT TRIAL WILL ESTABLISH ALL THREE CLAIMS**

The evidence at trial will establish all three claims asserted by Plaintiff (unlawful detainer, breach of contract, and nuisance).

<u>First</u>, a tenant of real property … is guilty of unlawful detainer:

> 3. When he or she continues in possession, in person or by subtenant, after a neglect or failure to perform other conditions or covenants of the lease or agreement under which the property is held, including any covenant not to assign or sublet, than the one for the payment of rent, and three days' notice, in writing, requiring the performance of such conditions or covenants, or the possession of the property, shall have been served upon him or her, and if there is a subtenant in actual occupation of the premises, also, upon the subtenant. Within three days after the service of the notice, the tenant, or any subtenant in actual occupation of the

> premises, or any mortgagee of the term, or other person interested in its continuance, may perform the conditions or covenants of the lease or pay the stipulated rent, as the case may be, and thereby save the lease from forfeiture; provided, if the conditions and covenants of the lease, violated by the lessee, cannot afterward be performed, then no notice, as last prescribed herein, need be given to the lessee or his or her subtenant, demanding the performance of the violated conditions or covenants of the lease.
> …
> 4. Any tenant, subtenant, … contrary to the conditions or covenants of his or her lease, or maintaining, committing, or permitting the maintenance or commission of a nuisance upon the demised premises or using the premises for an unlawful purpose, thereby terminates the lease, and the landlord, or his or her successor in estate, shall upon service of three days' notice to quit upon the person or persons in possession, be entitled to restitution of possession of the demised premises under this chapter.

West Ann. Cal. C.C.P. § 1161.

Second, breach of contract is proven when a plaintiff establishes "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 151 Cal.4th 811, 821 (2011).

Third, the elements of an action for private nuisance are: (1) plaintiff must prove an interference with his use and enjoyment of his property; (2) invasion of the plaintiff's interest in the use and enjoyment of the land must be substantial, that is, that it causes plaintiff to suffer substantial actual damage; (3) interference with the protected interest must not only be substantial, but it must also be unreasonable, that is, it must be of such a nature, duration, or amount as to constitute unreasonable interference with the use and enjoyment of the land. Cal. Civ. Code § 3481; *Mendez v. Rancho Valencia Resort Partners, LLC*, 163 Cal.App.5th 248 (2016).

Here, Defendant's conduct (either himself, or via his roommate) satisfies the elements of all three claims. Defendant violated the terms of his lease and/or permitted his unit to serve as a nuisance and/or used for an unlawful purpose. Such conduct did not cease upon notices to quit. Unlawful detainer and breach of contract will be satisfied. The same conduct constitutes a nuisance. In particular, it is patently unreasonable for any personal resident to be subject to daily exposure in common areas to upwards of a dozen random men, unknown to any tenant, who were granted access and free roaming to the building, at all hours of the day. That substantial interference, creating a safety issue, would not be tolerated by any reasonable party.

**B.    DEFENDANT'S CONDUCT CAUSED PLAINTIFF ACTUAL DAMAGES**

Due to safety concerns in the common areas via exposure to the daily parade of random, unsavory characters, Plaintiff legitimately fears renting the two vacant building units, including

at the risk of liability issues. During the 2017 holiday season, Plaintiff attempted to rent a vacant unit on a short-term basis. But, the tenant heard foot traffic and voices of people going in and out of Defendant's apartment at all hours, and threatening groups of people in front of the building. The short-term tenant often felt threatened and locked himself in his unit most of the time. Accordingly, Plaintiff has not further attempted any rental. Plaintiff's member, Edward Kountze, who periodically resides in the building, also does not feel safe in the building. His wife has also been threatened and does not feel comfortable staying alone in the building.

C.  **DEFENDANT'S "DEFENSES" ARE IMPROPER**

Because the facts here cannot be disputed, Defendant seeks to turn this trial into a circus, throwing everything against the wall to obfuscate his roommate's conduct, turning it into anything but a referendum on whether such conduct was reasonable. Specifically, Defendant seeks to interject thirty (30) affirmative defenses, the vast majority of which have no relation to the claims asserted, are not recognized affirmative matter and/or are just straight denials, or are time barred counterclaims. For example, Defendant intends to present evidence that Plaintiff allegedly harassed and discriminated against Defendant based on Defendant's sexual orientation and alleged disability, or otherwise seeks to evict Defendant in bad faith. However, none of Plaintiff's claims are dependent on good faith, nor would be defeated even *if* Defendant somehow established animus. Similarly, Defendant insists that San Francisco's Residential Rent Stabilization and Arbitration Ordinance engrafts new elements onto Plaintiff's causes of action, or provides him defenses thereto. The former is simply false; the latter, while potentially only applicable to unlawful detainer, also has no basis rooted in that ordinance. [*Cf.* 37.9(a)(2)-(4), under which Plaintiff seeks eviction, with 37.9(a)(8), requiring "good faith, without ulterior reasons and with honest intent" but *only* in instances when a landlord seeks to recover possession for his own occupancy, or that of a close relative, which is not the case here].

An affirmative defenses is "whereby a defendant admits the plaintiff's prima facie case, and then alleges additional material that defeats the plaintiff's cause of action." *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,* 487 F.Supp.2d 1099, 1112 (N.D. Cal. 2007). They have thus been characterized as "matter[] extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v. Main Hurdman,* 655 F.Supp. 259, 262 (E.D. Cal. 1987). Fed. R. Civ. Proc. 8(c) lists valid affirmative defenses: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

Here, the following of Defendant's "defenses" are improper: (1) failure to state a claim; (2) failure to provide timely notice; (3) consent; (4) no condition precedent; (5) no breach; (6) performance excused; (7) avoidable consequences; (8) legitimate, (9) good-faith reasons; (10) no known harm or damage; (11) no causation; (12) lack of subject-matter jurisdiction; (13) lack of personal jurisdiction; (14) improper venue; (15) speculative damages; (16) bad faith; (17) acts of third-parties; (18) retaliation; (19) discrimination; (20) harassment; (21) violation of eviction and rent control ordinances; (22) bad faith and ulterior reason; (23) violation of privacy; and (24) defective, unenforceable and invalid termination notices.

Defendant and his roommate are the not the victims here. Rather, their actions have interfered with Plaintiff's rightful use and enjoyment of its property. Defendant should not be permitted to present "defense," that do not serve as such, but instead would be improper, unfairly prejudicial, and only serve to confuse the jury.

### D.    DIVERSITY JURISDICTION EXISTS

Defendant challenges the subject matter jurisdiction of this Court over this matter. At issue is whether complete diversity of the parties exists. The parties stipulate: Plaintiff is a limited liability company; Edward Kountze is one member of Plaintiff; and Defendant is a citizen of the state of California.

Diversity jurisdiction exists under 28 U.S.C. § 1332 when there is complete diversity of citizenship. For purposes of diversity jurisdiction:

(1) a natural person's state citizenship is determined by his state of domicile, not his state of residence. A person's domicile is his permanent home, where his resides with the intention to remain or to which he intends to return;

(2)  a limited liability company is a citizen of every state of which its owners/members are citizens; and

(3) a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.

28 U.S.C. 1332; *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 94 (2005)*; Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).

Plaintiff intends to offer evidence that Mr. Kountze is a citizen of Florida. Defendant alleges that Odlaw, Inc. is a second member of 640 Octavia, LLC. Even if shown, diversity would still exist because that entity is a Delaware shell corporation.

### CONCLUSION

At the conclusion of trial, Plaintiff will be seeking judgment in its favor on all three counts, and seeking damages for the period of time it was unable to rent the two vacant units in the building.

Dated: March 15, 2019                              THE WALSTON LAW GROUP


                                                  /s/ *Gregory S. Walston*
                                                  Gregory S. Walston
                                                  Attorney for Plaintiff

*Plaintiff's Trial Brief*