IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

640 OCTAVIA LLC,

    Plaintiff,

  v.

KARL HEINZ-PIEPER, and DOES 1–45, inclusive,

    Defendants.

No. C 18-01047 WHA

**FINAL PRETRIAL ORDER**

    **FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

    1.     This case shall go to a **JURY TRIAL** on **MARCH 25, 2019**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

    2.     Rulings on the motions *in limine* were made on the record at the pretrial conference and are summarized later in this order. When a motion *in limine* is denied, it does not mean that the evidence covered by the motion *in limine* is admissible. It only means that the grounds asserted in the motion were insufficient to exclude the evidence.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **EIGHT PERSONS** shall be used.

6. Each side shall have **SIX HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. Each side shall have **THIRTY MINUTES** for opening statements. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

## RULINGS ON PLAINTIFF'S MOTIONS *IN LIMINE*

1. The motion to exclude evidence regarding alleged disabilities is **DENIED**.

2. The motion to exclude evidence regarding plaintiff's filing of a notice of intent to withdraw residential units from the rental market under the Ellis Act is **DENIED**.

3. The motion to exclude evidence regarding Edward Kountze's wealth and the existence of insurance coverage is **GRANTED**.

4. The motion to "bar evidence regarding improper affirmative defenses" is not a proper motion *in limine* and is therefore **DENIED**.

5. The motion to bar references to Justin Hutto and Neil Martinson as "agents" of plaintiff is **GRANTED IN PART**. During opening statements, defendant may not refer to Hutto or Martinson as plaintiff's agent unless in the context of Edward Kountze's email to Martinson (Dkt. No. 114 at 89), or Martinson's related deposition testimony.

2

6. With the exception of defendant, plaintiff's representative, and defendant's expert witness, the motion to exclude witnesses from the courtroom is **GRANTED**.

7. The motion to exclude evidence of Edward Kountze's litigation history is unopposed and is therefore **GRANTED**.

## RULINGS ON DEFENDANT'S MOTIONS *IN LIMINE*

1. The motion to exclude expert witness Ron Martinelli is **DENIED AS MOOT** in light of an earlier order excluding this same testimony (Dkt. No. 128).

2. At the final pretrial conference, plaintiff's counsel informed the Court that Neil Martinson will be available to testify at trial. The motion to exclude his testimony via deposition is accordingly **DENIED AS MOOT**.

3. The parties have informed the Court that the deposition of Randi Hite will take place on the morning of March 21. This order accordingly **HOLDS IN ABEYANCE** the motion to exclude Hite's testimony. The motion will be reevaluated after the deposition takes place.

4. The motion to exclude witness testimony from Katherine Hemmenway is **DENIED**. Plaintiff's counsel is cautioned, however, that Hemmenway may only testify as to matters for which counsel has laid the proper foundation and for which Hemmenway has personal knowledge.

5. The motion to exclude plaintiff's proposed exhibits 3–9 is **GRANTED**, although with the proper foundation the documents may still be used to refresh the witness's recollection, for impeachment, or as a recorded recollection subject to FRE 803(5). Because plaintiff has withdrawn proposed exhibits 30–32 and 34, the motion to exclude these exhibits is **DENIED AS MOOT**. So long as a proper foundation is laid and personal knowledge is established, the motion to exclude exhibits 43 and 44 is **DENIED**.

6. The motion to exclude any reference to prostitution is **DENIED**.

7. The motion to bifurcate the trial is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2019.

　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE