IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

640 OCTAVIA LLC,

    Plaintiff,

v.

KARL HEINZ-PIEPER,

    Defendant.

No. C 18-01047 WHA

**FINAL CHARGE TO THE JURY
AND SPECIAL VERDICT FORM**

**1.**

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts, you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.  In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

**2.**

The evidence from which you are to decide what the facts are consists of:

   1.   The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

   2.   The exhibits which have been received into evidence;

   3.   The sworn testimony of witnesses in depositions, read into evidence; and

   4.   Any facts to which the lawyers have stipulated.  You must treat any stipulated facts as having been conclusively proved.

**3.**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose,

1   may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has
2   been proved by circumstantial evidence, you must consider all the evidence in the light of
3   reason, experience and common sense.  You should consider both kinds of evidence.  The law
4   makes no distinction between the weight to be given to either direct or circumstantial evidence.
5   It is for you to decide how much weight to give to any evidence.

**4.**

In reaching your verdict, you may consider only the types of evidence I have described.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

    1.    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2.    A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

    3.    Objections by lawyers are not evidence.  Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence.  You should not be influenced by any question, objection, or the Court's ruling on it.

    4.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

    5.    Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**5.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

    1.    The opportunity and ability of the witness to see or hear or know the things testified to;

    2.    The witness' memory;

    3.    The witness' manner while testifying;

    4.    The witness' interest in the outcome of the case and any bias or prejudice;

    5.    Whether other evidence contradicted the witness' testimony;

    6.    The reasonableness of the witness' testimony in light of all the evidence; and

    7.    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

**6.**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

4

**7.**

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

**8.**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, or officers performed within the scope of authority.

An agent is a person who performs services for the corporation under an express or implied agreement and who is subject to its control or right to control the manner and means of performing the services. One may be an agent without receiving compensation for services.

**9.**

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

**10.**

On any claim, if you find that plaintiff carried its burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry its burden of proof as to each element, you must find against plaintiff on that claim. This same principle also applies to defendant on issues for which he has the burden of proof.

5

**11.**

I will now turn to the law that applies to this case and will give you a brief summary of the claims and defenses at issue. Plaintiff, the landlord, claims that defendant, the tenant, created a nuisance at 640 Octavia Street. Plaintiff claims that he is entitled to damages and seeks to evict defendant from Apartment 3. Defendant denies causing a nuisance. He also asserts as a defense that plaintiff has harassed him during the tenancy.

**12.**

You have heard references to subject-matter jurisdiction. Both sides now agree that this federal district court has subject-matter jurisdiction to hear the case. This is no longer an issue you need to decide. You need only decide the merits.

**13.**

Turning to the merits, there is no question in this case about whether the rent was paid. All agree that the rent was paid. Nevertheless, a landlord has the right, if it proves certain things in court, to evict even a tenant who has paid his or her rent on time. A landlord also has a right, apart from seeking eviction, to sue a tenant for damages for maintaining a nuisance on the premises. In this case, the landlord seeks both eviction as well as damages. I will now explain what the landlord must prove to prevail and I will explain what the tenant must prove to sustain what is called an affirmative defense.

**14.**

In order to obtain any relief in this case, plaintiff must prove that defendant unreasonably created or unreasonably allowed a substantial interference with the comfort, safety or enjoyment of the landlord or tenants in 640 Octavia Street, the activities having been severe, continuing or recurring in nature.

**15.**

If you find that defendant engaged in conduct described in Paragraph 14 above, you should award plaintiff damages in an amount that will compensate it for the damages it suffered as a result of defendant's conduct, including damages for loss of use of 640 Octavia Street. The only damages sought in this case are for loss of rental income from the alleged inability to rent

6

out Apartment 1 and Apartment 4. Your damages award, if any, must be based upon evidence and not upon speculation, guesswork or conjecture. Plaintiff has a duty to mitigate damages. Plaintiff therefore had a duty to mitigate its loss of rental income. The burden of proving a failure to mitigate by a preponderance of the evidence is on defendant.

**16.**

In addition to damages, plaintiff seeks to evict defendant from 640 Octavia Street. In order to obtain an eviction, plaintiff must prove the following elements by a preponderance of the evidence:

1. Plaintiff owns Apartment 3 and rented it to defendant;
2. Defendant engaged in conduct described in Paragraph 14 above;
3. Plaintiff's dominant motive for evicting defendant is that defendant engaged in conduct described in Paragraph 14 above;
4. Plaintiff gave defendant a valid written notice to vacate Apartment 3; and
5. Defendant is still occupying Apartment 3.

**17.**

In San Francisco, a written notice to vacate must meet the following conditions to be valid:

1. The notice must inform the tenant that he must vacate the property;
2. The notice must specifically state the nature of the nuisance, damage or interference caused by defendant;
3. The landlord must attach to the notice a form prepared by the San Francisco Rent Board, in English (for purposes of this case), that (a) states that a tenant's failure to timely act in response to a notice to vacate may result in a lawsuit by the landlord to evict the tenant, and that advice regarding the notice to vacate is available from the Rent Board; and (b) includes information provided by the Mayor's Office of Housing and Community Development regarding eligibility for affordable housing programs.

7

     4.     The notice must be given at least three days before February 16, 2018, the date this lawsuit commenced; and

     5.     The landlord must cause the notice to be delivered to the tenant through one of the following methods: (i) if the tenant was not at home, the notice must be left with a responsible person at the unit and a copy mailed to the tenant at the unit; or (ii) if the tenant's place of residence and work cannot be discovered or a responsible person could not be found at either location, then the notice posted at the unit in a place where it would easily be noticed, a copy was given to a person living there if someone could be found, and a copy also mailed to defendant at the unit.

For purposes of this trial, Exhibits 3 and 4 are the only operative notices.

**18.**

Defendant raises an affirmative defense based on landlord harassment. If defendant proves by a preponderance of the evidence that plaintiff did any of the following in bad faith, then plaintiff may not obtain an eviction:

     1.     Attempted to influence defendant to vacate Apartment 3 through fraud, intimidation or coercion;

     2.     Threatened defendant, by word or gesture, with physical harm;

     3.     Discriminated against the tenant based on actual or perceived sexual preference or sexual orientation;

     4.     Interfered with defendant's right to quiet use and enjoyment of Apartment 3;

     5.     Interfered with defendant's right to privacy; or

     6.     Engaged in other repeated acts or omissions of such significance as to substantially interfere with or disturb the comfort, repose, peace or quiet of any person lawfully entitled to occupancy of such dwelling unit and that cause, are likely to cause, or are intended to cause any person lawfully entitled to occupancy

of a dwelling unit to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy.

**19.**

You have heard evidence that plaintiff filed police reports. Under the First Amendment, a citizen's communications with police may be immunized from civil liability. If, however, plaintiff provided the police with deliberately false information and solely for the purpose of harassment, those communications would not be protected and may be considered in connection with defendant's affirmative defense.

**20.**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations. You must address the questions in the precise order listed.

**21.**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

**22.**

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

    1.    All of the exhibits received into evidence;

    2.    A work copy of these jury instructions for each of you;

    3.    A work copy of the verdict form for each of you; and

    4.    An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

**23.**

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**24.**

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

**25.**

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

**26.**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: April 1, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

640 OCTAVIA LLC,

    Plaintiff,

v.

KARL HEINZ-PIEPER,

    Defendant.

                                                    /

No. C 18-01047 WHA

**SPECIAL VERDICT FORM**

When answering the following questions and filling out this special verdict form, please follow the directions provided throughout this special verdict form and the final charge to the jury.  Your answer to each question must be unanimous.

### QUESTION NO. 1

Has plaintiff proven that defendant unreasonably created or unreasonably allowed a substantial interference with the comfort, safety or enjoyment of the landlord or tenants in 640 Octavia Street, the activities having been severe, continuing or recurring in nature?

**YES** _____     **NO** _____

*If you answered "No" to Question No. 1, then you have found in favor defendant and are done — go to the end, sign, and date the form.  If you answered "Yes," you should continue to Question Nos. 2, 3 and 4.  If you answered "Yes" to Question No. 1 and answer "Yes" to Question No. 3 and "No" to Question No. 4, then plaintiff may evict defendant from Apartment 3 and recover damages.  If you answered "Yes" to Question No. 1 and answer "No" to Question No. 3 or "Yes" to Question No. 4, then plaintiff may not evict (but may still recover damages).*

### QUESTION NO. 2

If you answered "Yes" to Question No. 1, what amount of damages, if any, has plaintiff proven that it has suffered as a result of defendant's conduct?  If defendant has proven that plaintiff failed to mitigate any portion of its damages, reduce by that amount.

$ _____

**QUESTION NO. 3**

Has plaintiff proven both that (a) its dominant motive for evicting defendant is the conduct covered by Question No. 1, and (b) it provided defendant with a valid notice to vacate Apartment 3?

**YES**                      **NO**

_____             _____

**QUESTION NO. 4**

Has defendant proven that plaintiff, in bad faith, did any of the following:  (1) attempted to influence defendant to vacate his apartment through fraud, intimidation or coercion; (2) threatened defendant, by word or gesture, with physical harm; (3) discriminated against defendant based on actual or perceived sexual preference or sexual orientation; (4) interfered with defendant's right to quiet use and enjoyment of his apartment; (5) interfered with defendant's right to privacy; or (6) engaged in other repeated acts or omissions of such significance as to substantially interfere with or disturb the comfort, repose, peace or quiet of any person lawfully entitled to occupancy of such dwelling unit and that cause, are likely to cause, or are intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy?

**YES**                      **NO**

_____             _____

3

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. Your presiding juror should then sign and date the verdict form in the spaces below and notify the judge (through the court security officer) that you have reached a verdict. The presiding juror should place the verdict form in the envelope provided and bring it when the jury returns to the courtroom to deliver the verdict.

Dated: April ____, 2019.

                                                      FOREPERSON